United States District Court
Southern District of Texas
**ENTERED**
November 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENA R.,[1] | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:21-CV-1352 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Gena R. filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act").[2] The Parties filed for cross-motions for summary judgment. Pl.'s MSJ, ECF No. 15; Def.'s MSJ, ECF No. 17. Plaintiff challenges the Administrative Law

---

[1]  The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2]  On August 25, 2021, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. §636(c). Consent & Transfer Order, ECF No. 9.

Judge's ("ALJ") determination, arguing that substantial evidence does not support the decision. Pl.'s MSJ Brief, ECF No. 16. Plaintiff asserts that the ALJ improperly based the residual functional capacity ("RFC") determination for Plaintiff's mental impairments on his lay opinion because the only opinions of record did not support his findings. *Id.* at 6-8. Plaintiff further argues that the ALJ failed to adequately explain how he considered supportability and consistency factors when discounting Dr. Ron Kirkwood's opinion on Plaintiff's physical limitations. *Id.* at 8-10. Accordingly, Plaintiff seeks remand for reconsideration of the evidence. *Id.* at 10.

In her cross-motion, the Commissioner asserts that substantial evidence supports the ALJ's RFC assessment and the ALJ properly assessed the medical opinions. ECF No. 17 at 1. After reviewing the briefing, the Court ordered the Commissioner to show cause why Plaintiff's motion for summary judgment should not be granted on the basis that the ALJ disregarded Dr. Kirkwood's opinion. Show Cause Order, ECF No. 18. In response, Defendant argues that the ALJ was not required to rely on a medical opinion to determine Plaintiff's RFC because substantial evidence supports the ALJ's decision.  ECF No. 22 at 3.

Based on the briefing and the record, the Court determines that substantial evidence supports the ALJ's opinion. Therefore, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.     BACKGROUND

Plaintiff is a 54-year-old woman, born on August 22, 1968, with a high school level education. R. 23, 350.[3] In 2022, she worked for six months as a dispatcher for an air conditioning contractor, R. 341, 351, but has no employment for the past 15 years, R. 41 (Hr'g Tr. 1/17/2020). Since 2011, she has suffered from bipolar disorder, anxiety, and post-traumatic stress disorder ("PTSD"). R. 14, 422–28, 494, 616–20, 659–72. The Plaintiff additionally suffers from obesity, hypothyroidism, and degenerative disc disease. R. 14, 434–36, 494, 636, 672–73.

On March 8, 2018, Plaintiff filed her application for supplemental security income, claiming both mental and physical impairments. R.  297–317. The Plaintiff based her application on a back problem, bipolar disorder, depression, anxiety disorder, thyroid disorder, posttraumatic stress disorder, liver disease, and high cholesterol. R. 348–57.[4]  The Commissioner denied her claim initially, R. 126–30, and on reconsideration, R. 133–42.

Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ"). R. 35. At the hearing, after Plaintiff testified on direct

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 11.

[4] The relevant time period is March 31, 2017—Plaintiff's alleged onset date—through July 28, 2020—the date of the hearing decision. R. 9. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

examination, the ALJ determined he needed a consultative orthopedic exam to obtain more up to date information about Plaintiff's back problems. R. 55-56. Dr. Kirkwood performed the consultative orthopedic exam[5] and then the ALJ held a second hearing, R. 69. An attorney represented Plaintiff at both hearings. R. 35, 69. Plaintiff and a vocational expert testified at both hearings. R. 36, 70. The ALJ issued a decision denying Plaintiff's request for benefits. R. 9.[6] The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 1. Plaintiff filed this civil action, appealing the determination. ECF No. 1.

---

[5]  R. 633–45 (2/21/20).

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at Step Five. At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since January 24, 2018, the application date. R. 14 (citing 20 CFR 404.152(b), 404.1571, *et seq.*, 416.920(b) and 416.971 *et seq.*). At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, bipolar disorder, depression, anxiety, and posttraumatic stress disorder (PTSD). R. 14 (citing 20 CFR 416.920(c)). At step three, the ALJ determined that the Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. R. 15–18 (citing 20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(D), 416.925 and 416.926). Between step three and step four, the ALJ found that the Plaintiff has the RFC to perform light work as defined in 20 CFR 416.967(b) except the claimant would be limited to standing and walking 6 hours in an 8-hour workday with normal breaks and sitting up to 6 hours; lifting/carrying 20 pounds occasionally and 10 pounds frequently; occasionally climbing ramps and stairs, but no climbing ladders, ropes, or scaffolds; occasional stooping, bending, and crouching; only occasional exposure to hazards, dangerous machinery or equipment, and unprotected heights; can understand, remember, and carry out 1-3 step simple, routine, and repetitive tasks; should never work at a forced pace, assembly line, or production rate jobs; should only have occasional dealings with the public, with co-workers, and with supervisors. R. 21. At step four, the ALJ determined that the transferability of job skills was not an issue because the claimant does not have past relevant work (20 CFR 416.968). R. 24. At step five, based on the testimony of the vocational expert and a review of the record, the ALJ concluded that considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id*. Therefore, the ALJ concluded that a finding of "not disabled" was appropriate. R. 25.

## II.    STANDARD OF REVIEW FOR THE COMMISSIONER'S DECISION.

The Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive[.]

*Id*.

Judicial review of the Commissioner's decision denying benefits is limited to determining whether substantial evidence on the record as a whole supports that decision and whether the Commissioner applied the proper legal standards. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

"The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Thornhill v. Colvin*, No.

14-CV-335, 2015 WL 232844, at *3 (N.D. Tex. Jan. 16, 2015) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823.

## III.   THE SHIFTING BURDEN OF PROOF IN A DISABILITY CASE.

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A)(2000).

The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.    THE COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises two issues. First, Plaintiff asserts that substantial evidence does not support the ALJ's RFC for her mental impairments because the ALJ failed to support his conclusion that Plaintiff could meet the basic mental demand of work based on the medical opinions of record. ECF No. 16 at 6–8. Second, Plaintiff contends that substantial evidence does not support the ALJ's RFC for her physical impairments because the ALJ improperly evaluated the supportability and consistency of Dr. Kirkwood's opinion. *Id.* at 8–11. Defendant contends that

substantial evidence supports the ALJ's findings and the ALJ properly weighed the medical evidence. ECF No. 17 at 6–12.

**A. The ALJ Properly Conducted Plaintiff's RFC Analysis.**

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, which is defined as the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Winston*, 755 F. App'x 399; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). The revised Social Security guidelines require consideration of several factors, the most important of which are consistency and supportability. 20 C.F.R. § 404.1520c(b).[7] Under these guidelines, the ALJ must articulate how persuasive he

---

[7] These factors include supportability, consistency, the physician's relationships with Plaintiff, the physician's specialization, evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and

finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).[8] As an

administrative factfinder, the ALJ is entitled to significant deference in deciding the

appropriate weight to accord the various pieces of evidence in the record, including

the persuasiveness of medical experts and the weight to be accorded their opinions.

*See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

## B. The ALJ Properly Determined the RFC for Mental Impairments.

Plaintiff argues that the ALJ improperly determined the RFC for his mental

impairments. ECF No. 16 at 7–8. Specifically, Plaintiff argues that the ALJ relied

on his own lay opinion to determine the mental limitations for the RFC after giving

lip service to the persuasiveness of the opinions of Dr. Alvin Smith and Dr. Gina

Evans. *Id*. at 6–7. Defendant contends that the ALJ properly assessed the medical

opinions pertaining to alleged limitations for mental impairments. ECF No. 17 at 6–

9.

## 1. The ALJ must construe the entire record to fashion the RFC.

In making the RFC determination, the ALJ considers the totality of evidence

in the record, not solely medical opinions. *See* 20 C.F.R. § 404.1529(a)-(d). In

---

evidentiary policies. *Id*.

[8] The revised guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite new regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.).

addition to any medical opinions, the ALJ considers Plaintiff's medical history, medical signs and laboratory findings, statements about the impact of symptoms, daily activities, medication, and other treatment. *See* 20 C.F.R. § 404.1529(a)-(d). This "necessarily requires the ALJ to interpret, assess and balance both medical and non-medical evidence." *Adamek v. Comm'r of Soc. Sec.*, No. 521CV00084RWSJBB, 2022 WL 4587846, at *4 (E.D. Tex. Sept. 29, 2022) (citing *Taylor v. Astrue*, 706 F.3d 600, 602–603 (5th Cir. 2012)).

The ALJ's RFC "is not a medical opinion." *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003). Also, the ALJ's RFC need not match a medical opinion, so long as substantial evidence supports it. *Myers v. Saul*, No. SA-20-CV-00445-XR, 2021 WL 4025993, at *8 (W.D. Tex. Sept. 3, 2021) ("[T]he ALJ is not required to have a medical opinion that matches his RFC determination[,]" "so long as substantial evidence supports the determination[.]"). Accordingly, an ALJ's RFC determination is improperly based on his lay opinion when substantial evidence does not support the RFC. *See Taylor*, 706 F.3d at 602.

## 2. The ALJ relied on Dr. Smith's opinion.

Contrary to Plaintiff's assertion, the ALJ acknowledged and integrated Dr. Smith's opinion. Dr. Smith performed a consultative psychological examination and opined that Plaintiff's depressive disorder and bipolar disorder were severe impairments. R. 115 (12/9/18). Likewise, the ALJ also found to these disorders to

be severe impairments. R. 14. Additionally, for the RFC assessment, Dr. Smith noted Plaintiff was moderately limited in her ability to interact appropriately with the general public and in her ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. R. 119 (12/9/18). Incorporating that limitation, the RFC limits her to "only occasional dealings with the public, with co-workers, and with supervisors." R. 18. Dr. Smith also opined Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods. R. 118 (12/9/18). Accounting for that limitation, the RFC provides that Plaintiff cannot work at a forced pace, assembly line, or production rate job. R. 18. Thus, Dr. Smith's findings and noted mental limitations provide support for the limitations the ALJ incorporated into the RFC.[9] *See Pulley v. Comm'r of Soc. Sec.*, No. 4:21-CV-01159-O-BP, 2022 WL 1694436, at *5–6 (N.D. Tex. May 13, 2022), *report and recommendation adopted*, No. 4:21-CV-01159-O-BP, 2022 WL 1689445 (N.D. Tex. May 26, 2022) (finding "the ALJ did not err in finding the SAMC opinions generally 'persuasive,' but articulating marginally different specific limitations in his RFC.").

---

[9] As to Dr. Smith's opinion, the ALJ held that Dr. Smith "found the [Plaintiff] could understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors on a superficial level, and respond appropriately to changes in routine work settings (Exhibit D3A). The undersigned finds this opinion persuasive as the opinion is supported by and consistent with the record as a whole. Dr. Smith provided an extensive narrative in support of the opinion herein, with citations to specific evidence in the record, including mental status examinations, consultative examination, and the [Plaintiff's] subjective allegations." R. 22.

Furthermore, contrary to Plaintiff's argument, the ALJ's "paragraph B" criteria findings coincide with Dr. Smith's findings. *Compare* R. 16–17 *with* R. 115. Section 404.1520a requires an ALJ to evaluate the impact of a claimant's mental impairment on four broad functional areas, known as the "paragraph B" criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(3). At step three, the paragraph B criteria are used to determine whether a claimant meets a listing and can therefore be presumed disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A); *see Stovall v. Colvin*, No. 16-CV-17475, 2017 WL 8785560, at *6 (E.D. La. Sept. 22, 2017), *report and recommendation adopted*, 2018 WL 1726259 (Apr. 10, 2018).

To equal a listing, the Plaintiff must "provide medical findings that support each of the criteria for the equivalent impairment determination." *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). The ALJ evaluates Plaintiff's mental disorders in each area "based on a five-point rating scale consisting of none, mild, moderate, marked, and extreme limitation." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12(F)(2). The scale goes from least to most restrictive, meaning a moderate limitation is more restrictive than a mild limitation. *Id*. A plaintiff meets the paragraph B criteria of Listing 12.04 (Depressive, bipolar and related disorders), Listing 12.06 (Anxiety and obsessive-compulsive disorders), and 12.15 (Trauma- and stressor-related disorders)

by exhibiting extreme limitation in one area or marked limitation in two areas of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06, 12.15. [10]

Here, the ALJ found that Plaintiff's bipolar disorder, depression, anxiety, and PTSD are severe but do not meet the requirements for Listings 12.04, 12.06, or 12.15. R. 14–18. In evaluating the paragraph B criteria, the ALJ found Plaintiff has: (1) moderate limitations in the understanding, remembering, or applying information; (2) moderate limitations interacting with others; (3) moderate limitations in concentrating, persisting, or maintaining pace; and (4) mild limitations in adapting or managing oneself. R. 16–17. Because Plaintiff did not have at least two marked limitations or one extreme limitation, the ALJ found she did not meet the requirements of paragraph B. R. 16–17.

The ALJ's paragraph B findings were the same or more restrictive than Dr. Smith's. Plaintiff is correct that Dr. Smith found Plaintiff only had moderate limitations in interacting with others, R. 115 (12/9/18), whereas the ALJ found she had moderate limitations in the three areas noted above. Plaintiff fails to explain how this shows the ALJ based the RFC for mental impairments on his lay opinion.

---

[10] An extreme limitation exists when a claimant is unable to function independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F). This "represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a. A marked limitation exists when a claimant is seriously limited in functioning independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F).

Contrary to Plaintiff's argument,[11] the ALJ had the benefit of the entire updated record and Plaintiff's testimony in arriving at his findings, which accounts for the more restrictive limitations. *Myers*, 2021 WL 4025993, at *8 (finding substantial evidence supports the ALJ's RFC when the ALJ's RFC determination was "more limited/favorable" than the consultants' opinions.). Indeed, the ALJ cited evidence from Dr. Evans' opinion and Plaintiff's medical records and explained his reasons for assigning the limitations in each of the four paragraph B areas. *See* R. 16-17 (citing R. 585 (Dr. Evans' opinion) and R. 670 (treatment progress notes)). Plaintiff's argument lacks merit because the ALJ's and Dr. Smith's findings coincide and there is more than a "mere scintilla" of evidence to support the ALJ's paragraph B findings. *See Steven C. v. Kijakazi*, No. 4:21-CV-1066, 2022 WL 4490174, at *4 (S.D. Tex. Sept. 27, 2022) ("the question is not whether there is evidence that Plaintiff satisfies the criteria in Listing 12.04, but whether there is more than a 'mere scintilla' of evidence to support the ALJ's finding that Plaintiff does not meet the listing.").

---

[11] Plaintiff cites *Clewis v. Kijakazi* as support for her argument that the ALJ simply used the word "persuasive" to improperly reject the opinions of Dr. Smith and Dr. Evans. ECF No 16 at 7 (citing *Clewis v. Kijakazi*, 4:20-cv-2914, 2021 WL 7084147, at *4 (S.D. Tex. Nov. 17, 2021)). In *Clewis*, the court found that the ALJ committed reversible error when he imposed a *less* restrictive RFC than the opinions of two mental health providers whom he found unpersuasive, because "it follows that the RFC determination is based solely on the ALJ's own opinion." *Clewis*, 2021 WL 7084147, at *4. Unlike in *Clewis*, here, the ALJ found Dr. Smith's and Dr. Evans' opinions persuasive and acknowledged and incorporated their findings into the RFC's mental limitations. Here, based on updated information and the Plaintiff's testimony, the RFC was *more* restrictive than the mental health providers opined. Given this difference, *Clewis* is inapplicable.

### 3. The ALJ relied on Dr. Evan's opinions.

Likewise, contrary to Plaintiff's assertion, the ALJ acknowledged and integrated Dr. Evans' opinion. Specifically, Dr. Evans performed a consultative psychological exam and diagnosed Plaintiff with mild depressive disorder and bipolar disorder. R. 586 (11/26/18). The ALJ found these disorders to be severe impairments. R. 14. Dr. Evans opined that Plaintiff "was able to carry out simple verbal and written instructions." R. 585 (11/26/18). The RFC notes she "can understand, remember and carry out simple 1-3 step simple, routine, repetitive tasks." R. 18. Further, Dr. Evans noted Plaintiff's "symptoms do appear to impair her interactions with others. Her judgment and accountability is questionable." R. 586 (11/26/18). As previously discussed, the RFC limits her to "only occasional dealings with the public, with co-workers, and with supervisors." R. 18. Thus, Dr. Evans' diagnoses and noted limitations provide support for the limitations the ALJ incorporated into the RFC for her mental limitations. *See Pulley*, 2022 WL 1694436, at *5–6.

Additionally, the fact that Dr. Evans did not opine that Plaintiff "should never work at a forced pace, assembly line, or production rate job," R. 18, fails to show the ALJ based the RFC on his lay opinion, as Plaintiff argues. *See* ECF No. 16 at 6. The ALJ is not required make a carbon copy of the RFC from Dr. Evans' opinion. *See Myers*, 2021 WL 4025993, at *8. Likewise, adding a limitation that is "more

specific" than found in Dr. Evans' opinion does not mean the ALJ erred in finding

Dr. Evans' opinion persuasive. *See Pulley*, 2022 WL 1694436, at *5–6 (affirming

the ALJ's RFC determination when the ALJ's RFC included additional mental

limitations beyond those that the consultants' found); *Myers*, 2021 WL 4025993, at

*8 (finding substantial evidence supports the ALJ's RFC when the ALJ's RFC

determination was "more limited/favorable" than the consultants' opinions.).

Moreover, as previously discussed, Dr. Smith opined that Plaintiff was moderately

limited in the ability to maintain attention and concentration for extended periods of

time. R. 118. Also, Dr. Kirkwood observed Plaintiff "moves very slowly," R. 635

(2/21/20), and "she does everything very slowly and deliberately," R. 636 (2/21/20).

Because this evidence could allow a reasonable mind to accept that Plaintiff "should

never work at a forced pace, assembly line, or production rate job," R. 18, substantial

evidence supports the ALJ's limitation. *See Winston*, 755 F. App'x at 398.

Plaintiff also argues that the ALJ did not properly consider Dr. Evans' opinion

pursuant to SSR 85-15. ECF No. 16 at 8. Plaintiff argues SSR 85-15 and Dr. Evans'

opinion indicate that she is disabled. *Id*. The Court disagrees.

SSR 85-15 provides the following:

Where a person's only impairment is mental, is not of listing severity,
but does prevent the person from meeting the mental demands of past
relevant work and prevents the transferability of acquired work skills,
the final consideration is whether the person can be expected to perform
unskilled work. The basic mental demands of competitive,
remunerative, unskilled work include the abilities (on a sustained basis)

> to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

SSR 85-15, 1985 WL 56857, at *8 (Jan. 1, 1985).

Although Plaintiff suggests that Dr. Evans' opinion indicates Plaintiff is unable, on a sustained basis, to respond appropriately to supervision, coworkers, and usual work situations, Dr. Evans' opinion merely notes Plaintiff's symptoms impair her interactions. *See* R. 585 (11/26/18). To the extent that Plaintiff disagrees with the ALJ's incorporation of Dr. Evans' opinion into the mental RFC determination, the Court "may not reweigh the evidence or substitute its judgment for the [ALJ's]." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Also, Plaintiff does not point to any evidence in the record showing she cannot respond appropriately to supervision, coworkers, and usual work situations, on a sustained basis.

Moreover, Plaintiff fails to consider that the ALJ's RFC is based on the entire record. *See Ong v. Saul*, No. 4:18-CV-3577, 2020 WL 164559, at *4 (S.D. Tex. Jan. 13, 2020) ("The ALJ need not accept any medical opinion in its entirety but rather must determine Plaintiff's RFC based on the record as a whole."). In addition to Dr. Evans' opinion, the ALJ also relied on Dr. Smith's opinion that Plaintiff can "interact adequately with co-workers and supervisors on a superficial level," R. 119.

Because this evidence would allow a reasonable mind to accept that Plaintiff's mental impairments do not prevent her from meeting the demands of unskilled work, substantial evidence supports the ALJ's determination. *Winston*, 755 F. App'x at 398.[12]

Given the ALJ properly acknowledged and incorporated Dr. Smith's and Dr. Evans' opinions and based his findings on substantial evidence, the Court must not disturb the ALJ's RFC determination regarding Plaintiff's mental limitations. *See Pulley*, 2022 WL 1694436, at *5–6.

## C. Substantial Evidence Supports the ALJ's RFC On Physical Impairments.

Plaintiff argues substantial evidence does not support the ALJ's RFC for her physical impairments. She contends that the ALJ's explanation for the supportability and consistency factors in evaluating Dr. Kirkwood's opinion did not satisfy the requirements of 20 C.F.R. § 404.1520c(b). ECF No. 16 at 9–10. Defendant contends that the ALJ properly assessed Dr. Kirkwood's opinion. ECF Nos. 17 at 9–11, 22 at 5–9. Defendant also contends that, although the ALJ found Dr. Kirkwood's opinion unpersuasive, substantial evidence supports the ALJ's RFC determination. ECF

---

[12] Plaintiff also argues that the ALJ erred for failing to address in his decision treatment compliance issues resulting from her bipolar condition. *See* ECF No. 16 at 7–8. However, Plaintiff does not point to any evidence in the record demonstrating her bipolar disorder results in treatment noncompliance. Moreover, neither Dr. Smith nor Dr. Evans mentioned Plaintiff's treatment noncompliance. *See* R. 115–19, 581–86. The ALJ noted that Plaintiff failed to follow up on treating doctor recommendations, indicating that symptoms may not be as serious as alleged, R. 22, but he also noted that Plaintiff testified that, "[w]ith medication, her bipolar is very mild with almost no problems." R. 19. Therefore, Plaintiff's argument lacks merit.

No. 22 at 2–5. The Court concludes substantial evidence supports the ALJ's supportability and consistency analysis for Dr. Kirkwood's opinion and substantial evidence also supports the ALJ's RFC.

### 1. The revised guidelines for evaluating medical opinions do not require deference to any medical opinion.

Pursuant to the revised rules for evaluating medical opinions, the ALJ is no longer required to defer or give any specific evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to consider all medical opinions and prior administrative medical findings using specific factors: (1) supportability; (2) consistency; (3) the physician's relationships with the claimant, which includes considering the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) the physician's specialization, and (5) other factors. 20 C.F.R. § 404.1520c(b).[13] The most important factors are consistency and supportability. *Id*.; *Garcia v. Berryhill*, No. 17-CV-263, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018). Under the revised guidelines, the ALJ must articulate how persuasive he finds each of the opinions in the record based on the supportability and consistency factors. 20 C.F.R. § 404.1520c(b).

---

[13] Other factors include evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. 20 C.F.R. § 404.1520c(b).

**2.  The ALJ properly assessed the supportability of Dr. Kirkwood's opinion.**

The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). In other words, "supportability looks internally to the bases presented by the medical opinion itself." *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022). "In articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, did not examine the claimant, or did or did not provide a detailed explanation for [their] opinion." *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (citations omitted) (collecting sources).

Dr. Kirkwood conducted a consultative examination of Plaintiff and prepared a physical assessment form. R. 634–45 (2/21/20). In the checklist form, Dr. Kirkwood opined that Plaintiff without interruption could sit for two hours, stand for one hour, and walk for 30 minutes; in an eight-hour workday, could sit four hours, stand two hours, and walk one hour; could lift and carry less than ten pounds and carry 11-20 pounds occasionally, lift 11-20 pounds frequently, but never lift or

carry more than 20 pounds or more. R. 640–45 (2/21/20).[14] Dr. Kirkwood provided no explanation for any of the limitations included on the checklist.

The ALJ found Dr. Kirkwood's opinion unpersuasive. R. 21. In discounting Dr. Kirkwood's opinion, the ALJ found that "[d]espite a relatively benign physical examination, Dr. Kirkwood found the claimant could only sit for four hours, stand for two hours, and walk for one hour in an eight-hour workday." R. 21–22. The ALJ also found that Dr. Kirkwood's "own medical evidence of record does not support nor indicate the severity of symptoms" and "the opinion relies heavily on the subjective report of symptoms and limitations provided by the [Plaintiff]." R. 21.

Plaintiff argues that the ALJ erred because his explanation that Dr. Kirkwood relied heavily on Plaintiff's subjective report of symptoms and limitations "is unduly speculative." ECF No. 16 at 9. Plaintiff also disagrees with the ALJ's conclusion that Dr. Kirkwood's examination of Plaintiff was "benign." *Id*. In support, Plaintiff cites to Dr. Kirkwood's examination notes, stating she "was unable to go from a seated to supine position and that motion was slow." ECF No. 16 at 10 (citing R. 635–36).

---

[14] He also made further limitations as follows: with her right and left hand, could reach overhead, reach all other places, hand, finger, feel, and push/pull frequently; could operate foot controls with her right and left foot frequently; could climb stairs and ramps, balance, stoop, kneel, crouch, and crawl occasionally but never climb ladders or scaffolds; and could move mechanical parts and operate a motor vehicle occasionally; could tolerate exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, and vibrations occasionally, but could never tolerate exposure to unprotected heights, extreme cold, or extreme heat.

However, Plaintiff fails to point to any evidence that supports Dr. Kirkwood's extreme limitations and ignores those portions of Dr. Kirkwood's notes the ALJ considered inconsistent with his opinion. As the ALJ noted, Dr. Kirkwood observed Plaintiff had a full range of motion in both wrists, elbows, shoulders, hips, knees, and ankles. R. 20 (citing R. 636 (2/21/20)). Although she could not go from a seated to a supine position, Plaintiff was able to come from parking lot to office without an assistive device or problems, walk back to the exam room without problems, sit in the exam room chair and get up out of the exam room chair, and walk over and get on exam room table. R. 20 (citing R. 635 (2/21/20)). Additionally, the ALJ noted Dr. Kirkwood determined the x-ray of Plaintiff's three cervical vertebral bodies showed they lined up with no fractures and the fourth and fifth vertebral bodies showed osteophytes with no fractures. R. 20 (citing 636 (2/21/20)). Further, her lumbar spine x-ray was normal. R. 20 (citing 636 (2/21/20)). As the ALJ noted, Dr. Kirkwood's observations do not support the extreme limitations in the checklist form. R. 20.

Furthermore, Dr. Kirkwood marked and circled answers on the physical assessment form without providing any narrative explanation for the limitations selected. R. 640–45. This alone is sufficient for the ALJ to conclude supportability weighed against finding Dr. Kirkwood's opinion persuasive. "The use of such checklist forms is generally viewed with disfavor among the federal courts of

appeals and district courts within the Fifth Circuit when the forms are not adequately supported by any narrative citations to clinical findings." *Brown v. Astrue*, No. 11-2919, 2013 WL 620269, at \*6 (E.D. La. Jan. 18, 2013); *see Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination . . .").

Accordingly, the Court finds that substantial evidence supported the ALJ's supportability analysis.

### 3. The ALJ properly assessed the consistency of Dr. Kirkwood's opinion.

The consistency factor is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Shugart v. Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at \*3 (S.D. Tex. Mar. 29, 2022) (quoting *Vellone ex rel Vellone v. Saul*, No. 1:20-CV-00261 (RA) (KHP), 2021 WL 319354, at \*6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20-CV-261 (RA), 2021 WL 2801138 (S.D.N.Y. July 6, 2021)) (quotations removed). Therefore, consistency is an inquiry that compares a medical opinion to the other evidence in the record. *See Lopez v. Saul,* No. 4:20-CV-1814, 2021 WL 3021953, at \*2 (S.D. Tex. July 16, 2021) (comparing a physician's opinion to the record evidence and SAMC opinions from prior administrative findings).

In discounting Dr. Kirkwood's opinion, the ALJ found "[t]he opinion is not

supported by nor consistent with the objective evidence of record nor the evidence of record as a whole." R. 22. Plaintiff is correct in that the ALJ's consistency explanation is brief. *See* ECF No. 16 at 9–10. However, the ALJ is not required to provide a point-by-point discussion of every medical opinion contained in a medical source statement from a given medical provider, *see* 20 C.F.R. § 404.1520c(b)(2), but he must still provide some explanation for his reasons for rejecting a medical opinion of record. *See Loza*, 219 F.3d at 395; *see also Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination.").

Here, the ALJ specified that the extreme limitations were not consistent with the evidence of record and that the sitting, standing, and walking limitations were inconsistent with the objective medical evidence, showing the ALJ considered Dr. Kirkwood's opinion and how it conflicted with the evidence in the record. R. 21–22. Although in this specific section the ALJ did not elaborate in detail how Dr. Kirkwood's opinion conflicts with each piece of cited evidence, the full decision shows he thoroughly considered the medical records and testimony,[15] R. 18–23, and

---

[15] The ALJ found Plaintiff's daily activities revealing a somewhat normal level of daily activity, no significant treatment records, a normal x-ray of her lumbar spine, and multiple subjective complaints without the corresponding objective etiology or findings to support her allegations undermined her allegations of disabling functional limitations. R. 21–22.

his determination reflects those findings. *See Bass v. Saul*, No. H-19-1525, 2020 WL 3405794, *13 (S.D. Tex. June 19, 2020). In fact, despite discounting Dr. Kirkwood's opinions, the ALJ relied on his medical records, which show "the current level of severity regarding claimant's impairments." R. 122.

Plaintiff also argues that, because the ALJ "failed to cite anything beyond Dr. Kirkwood's own opinion that might explain why he found Plaintiff less disabled than Dr. Kirkwood opined," substantial evidence does not support the ALJ's decision. ECF No. 16 at 10. Defendant contends that substantial evidence supports the ALJ's RFC because "the ALJ properly fulfilled his role of factfinder by considering the record as a whole to determine all supported limitations in the final RFC determination." ECF No. 22 at 7.

In formulating the RFC, the ALJ found unpersuasive the only two medical opinions in the record regarding Plaintiff's physical limitations—Dr. Herman's, R. 104 (7/19/18), and Dr. Kirkwood's, R. 634–45 (2/21/20). Nonetheless, "[t]he [revised] regulations do not prohibit the ALJ from assessing the claimant's RFC based on other record evidence when he finds all medical opinions to be unpersuasive." *West v. Kijakazi*, No. H-21-2395, 2022 WL 4137297, at *6 (S.D. Tex. Aug. 26, 2022), *report and recommendation adopted*, No. CV H-21-2395, 2022 WL 4138574 (S.D. Tex. Sept. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 404.1545). In such cases, the court's "inquiry focuses on whether the decision of the ALJ is

supported by substantial evidence in the existing record." *Kalka v. Kijakazi*, No. 6:21-CV-00087, 2022 WL 866409, at *1 (E.D. Tex. Mar. 23, 2022) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)) (quotations removed).

Contrary to Plaintiff's assertion, substantial evidence supports the ALJ's RFC. For example, SAMC Dr. Herman determined Plaintiff's allegations of a back problem, thyroid disorder, liver disease, high cholesterol, and severe degenerative disc disease were "non severe." R. 104 (7/19/18). Accordingly, Dr. Herman did not assess any functional limitations for Plaintiff, finding her "not disabled." R. 107 (7/19/18). However, the ALJ did not find Dr. Herman's opinion persuasive because it is "not consistent with nor supported by the evidence of record as a whole" and she did not have access to Dr. Kirkwood's examination record that showed the current level of severity of Plaintiff's impairments and included updated imaging studies. R. 22. The ALJ imposed a more restrictive RFC of light work than Dr. Herman, including standing, walking, and sitting up to six hours in a workday. R. 18. But still, the ALJ imposed a less restrictive RFC than the RFC Dr. Kirkwood assessed, which limited Plaintiff to four hours of sitting, two hours of standing, and one hour of walking in an eight-hour day. *See* R. 641 (2/21/20).

The ALJ properly "used other evidence in the record to impose a more restrictive RFC" than Dr. Herman and a less restrictive RFC than Dr. Kirkwood. *Myers*, 2021 WL 4025993, at *8. Specifically, the ALJ relied on Plaintiff's

testimony at the July 16, 2020 hearing, summarizing it as "[s]he has back pain and takes prescription ibuprofen." R. 19 (citing R. 75 (7/16/20). Additionally, the ALJ relied on an x-ray of Plaintiff's cervical spine showing moderate degenerative disc disease, R. 19 (citing R. 436 (12/19/16), and an x-ray of her lumbar spine showing severe degenerative disc disease, R. 19 (citing R. 434 (12/19/16). Finally, the ALJ relied on Dr. Kirkwood's examination records, even if he did not rely on his opinion. R. 22.

The ALJ also cited evidence inconsistent with Dr. Kirkwood's opinion, supporting a less restrictive RFC than Dr. Kirkwood assessed. For example, the ALJ considered that "[t]here are no significant treatment records during the period of consideration to support the [Plaintiff's] allegations." R. 22. The ALJ noted that "[t]he [Plaintiff] reports that she was unable to seek treatment due to lack of financial ability." R. 22. However, an inability to afford treatment by itself is insufficient to establish disability; a claimant must also show that he could not obtain medical treatment from other sources, such as free or low-cost health clinics. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987); *see also* SSR 16-3p, 2017 WL 5180304, at *10 (statements may be credible if a claimant cannot afford treatment and does not have access to free or low-cost medical services); SSR 82-59, 1982 WL 31384, at *4 (Jan. 1, 1982) (a patient in need of unaffordable prescribed treatment must show exploration of all free or subsidized sources and must document contacts and

his financial circumstances). Here, the ALJ determined "[t]he claimant did not exhaust all efforts to seek treatment, with no visits to free or subsidized clinics evidenced nor is there evidence she applied for and was denied indigent care." R. 22. Plaintiff does not point to any evidence to the contrary.

Furthermore, "[w]hen a medically determinable impairment could reasonably be expected to produce pain, the ALJ must evaluate the intensity and persistence of the symptoms to determine how it limits the capacity for work." *Myers*, 2021 WL 4025993, at *9 (citing 20 C.F.R. § 404.1529(c)(1)). Here, the ALJ acknowledged this standard. R. 23. The ALJ also noted Plaintiff's persistent pain complaints related to her back and neck. R. 23. However, the ALJ found Plaintiff's complaints were "without the corresponding objective etiology or findings to support her allegations." R. 23. Accordingly, the ALJ's finding of light work with additional limitations is consistent—and Dr. Kirkwood's finding of less than sedentary work is inconsistent—with the record evidence, showing Plaintiff's pain treatment with prescription ibuprofen but no examinations noting trouble with overall mobility.[16] *Cf. Myers*, 2021 WL 4025993, at *10 (finding the ALJ's finding of sedentary work

---

[16] R. 75 (7/16/20) (Plaintiff testified "all they are giving me is Ibuprofen 800 milligram"); R. 651 (4/24/20) (Plaintiff prescribed ibuprofen, 800 mg); R. 635-36 (2/21/20) (Plaintiff able to come from parking lot into office without any use of an assistive device; walked back to exam room without problems; able to sit in exam room chair and get up, walk over, and get on exam table; has a full range of motion in both wrists, elbows, shoulders, knees, ankles, and hips; able to get up and walk; able to do heel to toe walking).

consistent with physical examinations noting no functional limitations other than trouble with overall mobility as a result of pain). Plaintiff does not point to any evidence showing she has trouble with overall mobility.

Therefore, the Court concludes that substantial evidence supports the ALJ's consistency analysis and his determination that Plaintiff maintains the RFC to perform light work with additional limitations. *See Myers*, 2021 WL 4025993, at *8 (W.D. Tex. Sept. 3, 2021) (determining the ALJ's RFC was supported by substantial evidence when the "ALJ did not find persuasive administrative opinions that [the] [plaintiff] could do light work and used other evidence in the record to impose a more restrictive RFC of sedentary work.").

## V. CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 15, and **GRANTS** Commissioner's motion for summary judgment, ECF No. 17. The Commissioner's determination that Plaintiff is not disabled is **AFFIRMED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on November 11, 2022.


_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**